1 | David Aronoff (SBN 125694)
  | daronoff@foxrothschild.com
2 | Ilyssa M. Adler (SBN 285418)
  | iadler@foxrothschild.com
3 | **FOX ROTHSCHILD LLP**
  | 1800 Century Park East, Suite 300
4 | Los Angeles, CA 90067-1506
  | Telephone: 310.598.4150 | Facsimile: 310.556.9828
5 |
6 | Attorneys for Defendant
  | LOUISE A. GEER, as Trustee of the DILLE
7 | FAMILY TRUST

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST, and Does 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-05880-R-JPRx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. RULES 12(b)(2) AND 12(b)(6) OF DEFENDANT LOUISE A. GEER, AS TRUSTEE OF THE DILLE FAMILY TRUST**<br><br>Hearing<br>Date: October 19, 2015<br>Time: 10:00 a.m.<br>Ctrm: 8 – 2nd Floor<br><br>Hon. Manuel L. Real |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2015 at 10:00 a.m. in Courtroom 8 – 2nd Floor of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California, 90012-4701, defendant Louise A. Geer, as Trustee of the Dille Family Trust ("Defendant") will and hereby does move this Court for an Order dismissing this case in its entirety pursuant to Fed. R. of Civ. P. Rule 12(b)(2) and Fed. R. of Civ. P. Rule 12(b)(6).  This Motion seeks dismissal of the Complaint, and the single cause of action for declaratory relief contained therein, (1) under Rule 12(b)(2), because this Court lacks personal jurisdiction over Defendant; and (2) under Rule 12(b)(6), because the Complaint fails to allege a viable claim for relief against Defendant.

This Motion is being made following the required Local Rule 7-3 conference of counsel, which took place on Thursday, September 10, 2015.  Counsel for Defendant attempted to hold the Local Rule 7-3 conference on Tuesday, September 8, 2015, but counsel for Plaintiffs refused to participate until Thursday, September 10, 2015.  As a result, the Local Rule 7-3 conference was held 5, rather than 7, days prior to the filing of this Motion through no fault of counsel for Defendant.  *See* concurrently-filed Declaration of David Aronoff.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Louise A. Geer and David Aronoff, the [Proposed] Order submitted herewith, all of the pleadings, files, and records in this proceeding, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  September 15, 2015        FOX ROTHSCHILD LLP

By _____
David Aronoff
Ilyssa M. Adler
Attorneys for Defendant LOUISE A. GEER,
as Trustee of the DILLE FAMILY TRUST

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 2

    A. Allegations of the Complaint ................................................................. 2

    B. Jurisdictional Facts ................................................................................. 3

III. DEFENDANT IS NOT SUBJECT TO PERSONAL JURISDICTION ............ 4

    A. No General Jurisdiction Exists Over the Trustee ................................... 5

    B. No Specific Jurisdiction Exists Over the Trustee. .................................. 6

        1. The Trustee has not Purposefully Availed Herself of the Benefits and Protections of California Law. ................................. 7

        2. Plaintiff's Claim for Declaratory Relief Does Not Arise Out of Activity by the Trustee within California. ........................ 8

        3. The Exercise of Personal Jurisdiction Over the Trustee Would be Inconsistent with Fair Play and Substantial Justice. .. 9

IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF ................ 10

V. CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*BP Chems. Ltd. v. Union Carbide Corp.*,
  4 F.3d 975 (Fed. Cir. 1993) ................................................................................... 11

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................5

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008) ............................................................................ 4, 8

*In re Carthage Trust*,
  2013 WL 589208 (C.D. Cal. Feb. 14, 2013) ........................................................ 6, 7

*Cat Tech, LLC v. Tubemaster, Inc.*,
  528 F.3d 871 (Fed. Cir. 2008) ......................................................................... 10, 11

*CE Distrib., LLC v. New Sensor Corp.*,
  380 F.3d 1107 (9th Cir. 2004) ..................................................................................9

*Douglas Furn. Co. of Calif., Inc. v. Wood Dimensions, Inc.*,
  963 F. Supp. 899 (C.D. Cal. 1997) ...........................................................................8

*Garcia v. Wachovia Mortg. Corp.*,
  676 F. Supp. 2d 895 (C.D. Cal. 2009) ................................................................ 2, 12

*Geisha, LLC v. Tuccillo*,
  525 F. Supp. 2d 1002 (N.D. Ill. 2007) ................................................................... 11

*The Goodyear Tire & Rubber, Co. v. Releasomers, Inc.*,
  824 F.2d 953 (Fed. Cir. 1987) ............................................................................... 11

*Hanson v. Denckla*,
  357 U.S. 235 (1958) .............................................................................................5, 8

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .............................................................................................5, 6

*K-Lath v. Davis Wire Corp.*,
  15 F. Supp. 2d 952 (C.D. Cal. 1998) ..................................................................... 10

*Kumarelas v. Kumarelas*,
  16 F. Supp. 2d 1249 (D. Nev. 1998) .................................................................................. 4

*MedImmune, Inc. v. Genetech, Inc.*,
  549 U.S. 118 (2007) .......................................................................................................... 10

*Murphy v. American General Life Ins. Company*,
  2015 WL 4379834 (C.D. Cal. July 15, 2015) ............................................................... 5, 6

*Panavision Int'l L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ........................................................................................... 5

*Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp.*,
  80 F. Supp. 2d 815 (N.D. Ill. 1999) ................................................................................. 11

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998) ......................................................................................... 6

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ........................................................................................... 4

*Roth v. Garcia Marquez*,
  942 F.2d 617 (9th Cir. 1991) ............................................................................................. 5

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .......................................................................................... 6, 7

*Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*,
  363 F.3d 1361 (Fed. Cir. 2004) ....................................................................................... 11

*Sobini Films v. Tri-Star Pictures, Inc.*,
  2001 WL 1824039 (C.D. Cal. Nov. 21, 2001) ........................................................... 11, 12

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*,
  655 F.2d 938 (9th Cir. 1981) ........................................................................................... 10

*Walden v. Fiore*,
  __ U.S. __, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ..................................................... 8

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ........................................................................................................... 7

**California Cases**

*Portico Management Group, LLC v. Harrison*,
  202 Cal. App. 4th 464 (2011)...................................................................................5

*Presta v. Tepper*,
  179 Cal. App. 4th 909 (2009)...................................................................................5

**Federal Statutes**

Declaratory Judgment Act, 28 U.S.C.
  § 2201 .....................................................................................................................10

Fed. R. Civ. P. Rule 12(b)(2)............................................................................................ 1

Fed. R. Civ. P. Rule 12(b)(6)............................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action concerning the rights to the popular fictional character "Buck Rogers" constitutes an improper effort by plaintiff Team Angry Filmworks, Inc. ("Plaintiff") to create settlement pressure by seeking declaratory relief in an improper and inconvenient forum under circumstances giving rise to no justiciable case or controversy. The Court should dismiss the Complaint with prejudice in its entirety.

First, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(2) because this Court does not have personal jurisdiction over defendant Louise A. Geer, as Trustee of the Dille Family Trust ("the Trustee"). According to Plaintiff, personal jurisdiction exists because the Dille Family Trust ("the Trust") itself was organized in and under the laws of California. However, the situs of the Trust was later transferred to Illinois, and in any event the Trust is not a party to this case – and under California law it even lacks the capacity to sue or be sued. The actual defendant herein, the Trustee, is a resident of Pennsylvania, who does not transact business in California, and does not have substantial (if any) contacts here. Moreover, the single claim for declaratory relief alleged in this action did not arise out of the Trustee's conduct in California. For these reasons alone, the Complaint must be dismissed under Rule 12(b)(2) because there exists no personal jurisdiction over the Trustee.

Second, the declaratory relief claim asserted by Plaintiff fails to allege a justiciable case or controversy, and in fact none exists, because the Complaint fails to allege meaningful preparations by Plaintiff to conduct potentially infringing activity pertaining to "Buck Rogers." Additionally, the dispute alleged by Plaintiff primarily concerns the novella *Armaggedon 2419 A.D*. (Cmpt. Ex. A (Dkt. No. 1)), a work in which the character "Buck Rogers" never even appears. As this Court may not adjudicate hypothetical disputes, or render advisory opinions, the claim fails as a matter of law. For this independent reason, the Complaint must be dismissed for failure to state a claim pursuant to Rule 12(b)(6) with prejudice.

## II. FACTUAL BACKGROUND

### A. Allegations of the Complaint

Plaintiff alleges in the Complaint that the Trustee has "interfered with the lawful motion picture development of literary material that lies in the public domain." Cmpt., ¶ 2 (Dkt. No. 1). Plaintiff avers that the Trustee, in managing the assets of the Trust, is the rights holder in and to the "Buck Rogers" character, and actively engages in licensing and managing licenses of "Buck Rogers." *Id.*, ¶ 4.

Plaintiff further alleges that "Buck Rogers" was created by the author Philip Francis Nowlan and first appeared in the novella *Armaggedon 2419 A.D*. Cmpt., ¶ 7.[1] Plaintiff alleges that *Armaggedon 2419 A.D*. entered the copyright public domain in the U.S. in 1956 and world-wide in 2010. *Id.*, ¶ 8. Plaintiff goes on to allege that it purportedly is "currently developing a motion picture project based upon *Armaggedon 2419 A.D*. including [Buck Rogers]" and that in connection therewith, "Buck Rogers" will "necessarily" be portrayed. *Id.*, ¶ 9. Plaintiff's purported motion picture project, the Complaint alleges, was announced at Comic-Con in 2015. *Id.*, ¶ 10.

Plaintiff claims that "in response to such public announcement" the Trustee "threatened in writing to proceed with [contemplated] legal action" since the Trust has not given permission or license to Plaintiff to use "Buck Rogers." Cmpt., ¶ 11. Plaintiff goes on to claim that this assertion is "wrongful and improper" and seeks a declaration from this Court determining the parties' rights. *Id.*, ¶¶ 14-19.

---

[1] In reality, "Buck Rogers" does not appear in *Armaggedon 2419 A.D*, which is attached to the Complaint as Ex. A. The work includes "**Anthony** Rogers," a character who Plaintiff alleges is "also known as" the character "Buck Rogers," but this conclusory assertion is not based on any alleged facts and is contradicted by the absence of "Buck Rogers" from *Armaggedon 2419 A.D* – which, as an attached exhibit to the Complaint, supersedes Plaintiff's contrary allegations. *See, e.g., Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 n.9 (C.D. Cal. 2009) (holding that the court may disregard allegations in the complaint if contradicted by facts established in attached exhibits). As discussed in Section IV, *infra*, the absence of "Buck Rogers" from *Armaggedon 2419 A.D* further shows that there exists no justiciable case or controversy, further warranting dismissal of the case.

B. **Jurisdictional Facts**

The Trust was formed and organized approximately 45 years ago in the State of California under California law. *See* Declaration of Louise A. Geer ("Geer Decl."), ¶ 3. However, the situs of the Trust was transferred to Illinois in 1989. *Id*. and Ex. A. The Trustee was appointed to administer and oversee the Trust in 2011, which she has done from Pennsylvania. *Id*. Under California law, trusts lack the capacity to sue or be sued, so personal jurisdiction here hinges on the contacts with California of the Trustee (who is the defendant in this action), not the contacts with California of the Trust itself (which is not a party to this action). *See* Section III, *infra*.

The Trustee's administration of the Trust occurs entirely in Pennsylvania. Geer Decl., ¶ 4. Defendant herself is a resident of New Castle, Pennsylvania. *Id*., ¶ 4. The Trust is the owner and rights holder of all rights, including intellectual property rights, in and to the character "Buck Rogers." *Id*., ¶ 4. As such, the Trustee licenses, oversees, administers and manages, amongst other things, the commercial and creative exploitation of "Buck Rogers" out of Pennsylvania. *Id*., ¶ 4.

The Trustee does not reside in or conduct business in California, and has only visited California about three times in the last decade – and each of these trips lasted no more than four days. Geer Decl., ¶ 5. The Trustee neither owns nor holds real or personal property in California, and the Trust does not own or hold any property in California, either. *Id*., ¶¶ 5-6. The Trustee does not maintain an office or other facility or place of business in California, nor does the Trust. *Id*. The Trustee does not have any telephone numbers, mailing addresses, bank accounts, or other tangible personal or real property in California, nor does the Trust. *Id*. None of the Trustee's or the Trust's records, files, or documents are located in California. *Id*.

Amazingly, Plaintiff's Complaint alleges as the sole basis for jurisdiction in California a demand letter dated July 28, 2015 written ***in Pennsylvania*** by the Trustee (Cmpt., ¶ 11), ***but the letter was not written to Plaintiff and it did not threaten an infringement action against it***. Geer Decl., ¶ 7 and Ex. C. Rather, the letter was

written to Richard Thompson, counsel for one of the beneficiaries of the Trust, Flint Dille, and it threatened action against Mr. Dille because he was undertaking acts to the detriment of the Trust and his co-beneficiary. *Id*. The letter was not addressed to or intended for Plaintiff, and demanded no relief against Plaintiff. *Id.* In any event, sending a letter to someone in another state does not suffice to confer jurisdiction. *See, e.g., Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008).

The litigation of this matter in California would present a substantial hardship for the Trustee. Geer Decl., ¶ 8. The Trustee's files, records, and accounts, both for herself individually and for the Trust, are all located in Pennsylvania, and she has no independent reasons for spending time in California. *Id*. In addition to serving as Trustee of the Trust, the Trustee is a lawyer who runs a legal practice in Pennsylvania with her husband, who is also a lawyer. *Id*. Thus, travel to California in connection with the case would be disruptive to the Trustee personally and professionally. *Id*.

Additionally, none of the activities of the Trustee giving rise to this lawsuit took place in the state of California. Geer Decl., ¶ 9. Likewise, the Trustee's documents and evidence pertaining to this matter are all in Pennsylvania. *Id*.

In sum, the Complaint is wholly lacking in allegations that would give rise to the imposition of personal jurisdiction over the Trustee, and must be dismissed. Furthermore, even were this Court to find personal jurisdiction over Defendant (which there is not), the Complaint fails to state a claim as a matter of law, as no case and controversy has been alleged, discussed *infra*. For this separate reason, the Complaint must be dismissed with prejudice.

### III. DEFENDANT IS NOT SUBJECT TO PERSONAL JURISDICTION

Plaintiff bears the burden of establishing personal jurisdiction over the Trustee. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Kumarelas v. Kumarelas*, 16 F. Supp. 2d 1249, 1253 (D. Nev. 1998) ("although the defendant is the moving party on a motion to dismiss, plaintiff has the burden of establishing jurisdiction exists because plaintiff is the party invoking the court's

1 jurisdiction") (citation omitted).  "The Due Process Clause protects an individual's
2 liberty interest in not being subject to binding judgments of a forum with which he has
3 established no meaningful 'contacts, ties or relations.'" *Burger King v. Rudzewicz*,
4 471 U.S. 462, 471-72 (1985), citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319
5 (1945).  As California's long-arm statute reaches as far as the due process clause, all
6 [the Court] need analyze is whether the exercise of jurisdiction would comply with
7 due process.  *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

8       Under California law, a trust is not a legal entity that can sue or be sued; rather,
9 a trust is merely a fiduciary relationship that is not separate from its trustees. *See, e.g.,*
10 *Portico Management Group, LLC v. Harrison*, 202 Cal. App. 4th 464, 473 (2011)
11 ("[i]n contrast to a corporation, which the law often deems a person, **a trust is not a**
12 **person but rather 'a fiduciary relationship with respect to property.**'") (emphasis
13 added; internal quotes and citations omitted); *Presta v. Tepper*, 179 Cal. App. 4th 909,
14 914 (2009) ("an ordinary express trust **is not an entity separate from its trustees**.")
15 (emphasis added; internal quotes and citations omitted).  Thus, it is only the trustee
16 who is the real party in interest with standing to sue and defend on the trust's behalf.
17 *Id*.  Accordingly, courts look at the "minimum contacts" of the defendant-trustee, not
18 the trust itself, to determine whether there is personal jurisdiction in the forum state.
19 *See Hanson v. Denckla*, 357 U.S. 235, 250-54 (1958) ("the trustee is an indispensable
20 party **over whom the court must acquire jurisdiction** before it is empowered to enter
21 judgment in a proceeding affecting the validity of a trust") (emphasis added).

22       Courts have recognized two types of personal jurisdiction, "general" and
23 "specific."  *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).
24 Here, Plaintiff cannot establish either general or specific jurisdiction over the Trustee,
25 therefore this Court must dismiss this action in its entirety.

26     **A.**    <u>**No General Jurisdiction Exists Over the Trustee.**</u>

27     "There is general personal jurisdiction over a party who is physically present in
28 the state whether or not such presence is related to the claim asserted." *Murphy v.*

*American General Life Ins. Company*, 2015 WL 4379834, *7 (C.D. Cal. July 15, 2015), citing *Burnham v. Superior Court*, 495 U.S. 604, 617-619 (1990). Put another way, "[a] court has general jurisdiction ***when the defendant engages in 'continuous and systematic general business contacts … that approximate physical presence in the forum state***.'" *In re Carthage Trust*, 2013 WL 589208, *6 (C.D. Cal. Feb. 14, 2013) (*citing Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)) (emphasis added). General jurisdiction "is an ***exacting standard***, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added).

Here, it is clear that the Trustee entirely lacks the "continuous and systematic" contacts that "appropriate physical presence" in California sufficient for general jurisdiction to exist. The Trustee is a resident of Pennsylvania. Geer Decl., ¶¶ 4-6. Moreover, she handles the administration of the Trust in Pennsylvania, where the Trust maintains all of its files and records. *Id*. The Trustee has no substantial business or personal assets in California, and neither does the Trust. *Id*. Neither the Trustee nor the Trust own property in California, maintain bank accounts in this state, or are otherwise present here.[2] *Id*. As such, general jurisdiction does not exist.

### B. No Specific Jurisdiction Exists Over the Trustee.

To exercise "specific" jurisdiction, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316

---

[2] Plaintiff may argue that the Trust has licensed "Buck Rogers" to third parties that are exploiting the character in California, thus warranting personal jurisdiction. Plaintiff would be incorrect. The fact that there may exist unrelated licensing deals with third party licensees does not suffice because this case does not arise out of those licenses, and courts have made clear that "the fact that a nonresident has licensed persons doing business in the forum state does not itself subject the licensor to personal jurisdiction." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) (finding that the receipt of royalty income from licensees for sales in forum is insufficient to establish minimum contacts by licensor).

(internal quotes omitted). These minimum contacts make personal jurisdiction foreseeable when the non-resident defendant's connection to, and conduct within, the forum state is such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Ninth Circuit has expounded a three-part test for establishing specific personal jurisdiction: (1) the defendant must ***purposefully avail*** itself of the benefits and protections of the forum state; (2) the claim must ***arise out of***, or be related to, the ***defendant's forum-based activity***; and (3) exercise of jurisdiction must comport with ***fair play and substantial justice***. *See In re Carthage Trust*, 2013 WL 589208 at \*6, (*citing Schwarzenegger*, 374 F.3d at 802). Plaintiff must satisfy each of the first two prongs in order to shift the burden to the defendant to show that the exercise of jurisdiction would not be reasonable. Here, Plaintiff cannot satisfy either of the first two prongs and, even if it could, the third prong weighs against personnal jurisdiction.

### 1. The Trustee has not Purposefully Availed Herself of the Benefits and Protections of California Law.

There is no question that the Trustee has not purposefully availed herself of the benefits and protections of California. The Trustee is a resident of Pennsylvania. Geer Decl., ¶¶ 4-6. Moreover, she oversees the administration of the Trust's assets in Pennsylvania, where the Trust maintains all of its files and records. *Id*. The Trustee has no substantial business or personal assets in California, and neither does the Trust. *Id*. Neither the Trustee nor the Trust own property in California, maintain bank accounts in this state, or are otherwise present here. *Id*. The situs of the Trust is in Illinois, not California. *Id*.

Plaintiff may argue that jurisdiction is proper because a beneficiary of the Trust is located in California, but this fails to establish that the Trustee purposefully availed herself of this state's benefits and protections. Jurisdiction must arise out of contacts that the ***defendant*** creates within the forum state, not the contacts of third parties who reside there. Indeed, in determining whether jurisdiction exists over a trust, courts

1   look at the acts of the trustee, not the beneficiary.  *See Hanson*, 357 U.S. at 254.

2   Moreover, "[t]he mere act of sending letters threatening legal action, without
3   more, [does] not constitute 'purposeful availment.'"  *Douglas Furn. Co. of Calif., Inc.*
4   *v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 901-02 (C.D. Cal. 1997).  In *Douglas*,
5   the court found no personal jurisdiction supporting a declaratory relief action against a
6   Arizona furniture manufacturer that sent cease and desist letters to a rival California
7   company demanding that it stop copying the Arizona manufacturer's designs.  *Id*.  The
8   same is true of the Trustee here, who has no relevant contact with California aside
9   from the demand letter she sent to Richard Thompson, **not** Plaintiff (*see* Geer Decl., ¶
10  7)), and therefore cannot be said to have purposefully availed itself of the benefits and
11  protections of California law.  *See Campbell Pet Co.*, 542 F.3d at 885 (holding that a
12  patentee's act of sending letters to another state claiming infringement and threatening
13  litigation insufficient to confer personal jurisdiction in that state).

14              **2.     Plaintiff's Claim for Declaratory Relief Does Not Arise Out of**
15                      **Activity by the Trustee within California.**

16  The Complaint is devoid of any allegations that the Trustee did anything within
17  California.  In fact, the only allegations pertaining to the Trustee's "activities" giving
18  rise to the Complaint relate to the Trustee's July 28, 2015 letter to Richard Thompson.
19  Cmpt., ¶ 11.  But, this activity occurred in Pennsylvania – not California – where the
20  Trustee resides and wrote her letter, ***which was not even written to or intended for***
21  ***Plaintiff***.  Geer Decl., ¶ 6.  As such, Plaintiff cannot establish activity by the Trustee
22  aimed at or affecting Plaintiff within the forum state.

23  In any event, the act of writing a letter does not suffice to impose jurisdiction on
24  a nonresident defendant.  *See, e.g., Douglas*, 963 F. Supp. at 901-902.  Similarly, the
25  fact that a defendant knows that a plaintiff is a forum resident (and will allegedly
26  suffer injury there) is insufficient to establish jurisdiction based on the activity of a
27  nonresident defendant.  *See Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1122, 188
28  L. Ed. 2d 12 (2014).

### 3.     The Exercise of Personal Jurisdiction Over the Trustee Would be Inconsistent with Fair Play and Substantial Justice.

The Court should dismiss Plaintiff's action against the Trustee even if it satisfied the first two prongs of the personal jurisdiction test (it did not). It would be absolutely unjust to force Defendant to litigate the action in this Court.

The Ninth Circuit has identified seven factors in deciding whether the exercise of jurisdiction comports with notions of fair play and substantial justice: "(1) the extent of purposeful interjection; (2) the burden on the defendant to defend in the chosen forum; (3) the extent of the conflict with the sovereignty of defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

Here, each of these factors weighs *against* jurisdiction over the Trustee. First, as is made clear above, the Trustee has not interjected herself into the forum state. In fact, quite the opposite is true. *See* Geer Decl., ¶¶ 4-8. As the Trustee is located in Pennsylvania, and maintains no offices, bank accounts, property, or other holdings in California, this first factor weighs against the imposition of jurisdiction.

Second, it would be an unfairly heavy burden for the Trustee to defend herself in California. The Trustee and all of the Trust's property, files, records and other materials are located in Pennsylvania. *See* Geer Decl., ¶¶ 4-8. Therefore, this second factor weighs against the imposition of jurisdiction as well.

Third, the sovereignty of Pennsylvania will be negatively affected if the Trustee is hauled into court in California for conduct occurring entirely in Pennsylvania. In contrast, California cannot have a strong interest in this dispute – which involves a fictional character that is owned in and licensed from Pennsylvania and a Trust that has its situs in Illinois. *See* Geer Decl., ¶¶ 4-8. Thus, the third and fourth factors thus also weigh in the Trustee's favor.

1    Fifth, it is clear that California is not the most efficient forum for judicial
2 resolution of this dispute, as the Trustee and all witnesses, evidence, and documents
3 related to the Trust are located in Pennsylvania. *See* Geer Decl., ¶¶ 4-8. So too, then,
4 does this factor weigh in Defendant's favor.
5    Sixth, there is no particular importance of California to Plaintiff's interest in
6 convenient and effective relief. *See* Geer Decl., ¶¶ 4-8. The same convenience and
7 effectiveness may be had in federal court in Pennsylvania, where it is convenient and
8 appropriate for the Trustee to defend itself.
9    Finally, an alternative forum – Pennsylvania – exists and thus makes clear that
10 it would be unjust for Defendant to be forced to litigate this action in California. For
11 all of these reasons, and to the extent this Court even reaches this third element of the
12 specific jurisdiction analysis, personal jurisdiction does not exist in California and this
13 Court must dismiss the Complaint accordingly.

14 **IV.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF**

15    The Declaratory Judgment Act, 28 U.S.C. §2201, provides that only "[i]n a case
16 of actual controversy" a federal court "may declare the rights and other legal relations
17 of any interested party…" *K-Lath v. Davis Wire Corp.*, 15 F. Supp. 2d 952, 957 (C.D.
18 Cal. 1998). This "actual controversy" requirement is identical to the jurisdictional
19 "case or controversy requirement of Article III of the United States Constitution."
20 *Societe de Conditionnment en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938,
21 942 (9th Cir. 1981) (citation omitted); *see also K-Lath*, 15 F. Supp. 2d at 957-958.
22    To satisfy the essential requirement of a case or controversy, "the facts alleged,
23 under all circumstances, [must] show that there is a substantial controversy, between
24 parties having adverse legal interests, of sufficient immediacy and reality to warrant
25 the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S.
26 118, 126-127 (2007). Among other factors, courts look to whether there has been
27 "meaningful preparation" by the declaratory plaintiff to "conduct potentially
28 infringing activity." *Cat Tech, LLC v. Tubemaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir.

1  2008). While a party need not engage in actual infringement to request a declaration
2  of non-infringement, the party must show a "present activity which could constitute
3  infringement or concrete steps taken with the intent to conduct such activity." *BP*
4  *Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993); *The Goodyear*
5  *Tire & Rubber, Co. v. Releasomers, Inc.*, 824 F.2d 953, 955-56 (Fed. Cir. 1987). The
6  more elusive the potentially infringing activity, the more likely that the case lacks the
7  requisite immediacy. *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363
8  F.3d 1361, 1379 (Fed. Cir. 2004).

9  Mere "preliminary steps … lacking much in the way of specific details that
10 might indicate concrete action" are insufficient to meet this standard. *Geisha, LLC v.*
11 *Tuccillo*, 525 F. Supp. 2d 1002, 1016 (N.D. Ill. 2007); *Planet Hollywood (Region IV),*
12 *Inc. v. Hollywood Casino Corp.*, 80 F. Supp. 2d 815, 874-76 (N.D. Ill. 1999); *Sobini*
13 *Films v. Tri-Star Pictures, Inc.*, 2001 WL 1824039, at *5 (C.D. Cal. Nov. 21, 2001)
14 (finding no justiciable case or controversy in declaratory relief action regarding the
15 fictional character "Zorro" because the plaintiff had not consummated any preliminary
16 agreements regarding the proposed film, had not "obtained commitments from 'key
17 talent' such as a director and lead actors," had not contracted with a writer to create
18 the screenplay, and therefore was not "immediately prepared" to produce the film).

19 Here, Plaintiff's allegations purporting to imply that a "case or controversy"
20 exists fall far short of establishing present activity that could constitute infringement
21 warranting a declaration by this Court. Plaintiff's Complaint alleges that "[a]n actual
22 controversy exists between Plaintiff and Defendant as to whether the development of a
23 motion picture project … will infringe rights asserted by Defendant." Cmpt., ¶ 16.
24 These allegations fail to aver that Plaintiff is making "meaningful preparation … to
25 conduct potentially infringing activity." *Cat Tech*, 528 F.3d at 879. Much like in
26 *Sobini Films*, *supra*, the Complaint here contains no concrete allegations whatsoever
27 that a "Buck Rogers" script has been written and approved for production, that film
28 financing has been secured, that actors, a director and other talent have been retained,

1 | or that cameras will be ready to roll – by the date of *Armaggedon 2419 A.D*. or at any
2 | other time.  Just as in *Sobini Films*, Plaintiff is merely seeking an advisory opinion
3 | regarding a hypothetical dispute, probably in a failing effort to secure a favorable
4 | settlement, and thus has failed to plead a justiciable case or controversy.

Further, the Complaint's allegations of a dispute concerning *Armaggedon 2419 A.D.*, fail to even put "Buck Rogers" at issue.  *See* Cmpt., Ex. A.  Specifically, the Complaint alleges that *Armaggedon 2419 A.D.*, including the character "Anthony Rogers," is in the public domain.  Cmpt., ¶¶ 8-9.  Critically, *Armaggedon 2419 A.D*. does not contain any reference to "Buck Rogers."  *Id*.  While Plaintiff conclusorily purports to aver in the text of its Complaint that "Buck Rogers" is "also known as" the character "Anthony Rogers" – this claim is contradicted and thus superseded by the text of *Armaggedon 2419 A.D*.  *See* Cmpt., Ex. A; *Garcia*, 676 F. Supp. 2d at 906 n.9.  As the Complaint only seeks a declaration that the *Armaggedon 2419 A.D*. is in the public domain, Plaintiff has failed to allege sufficient facts putting "Buck Rogers" at issue.  For this additional reason, there exists no justiciable case or controversy.

## V.  CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that the Court to dismiss the Complaint in its entirety and with prejudice.

Dated:  September 15, 2015        FOX ROTHSCHILD LLP

By _____
David Aronoff
Ilyssa M. Adler
Attorneys for Defendant LOUISE A. GEER,
as Trustee of t he DILLE FAMILY TRUST