IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>     Plaintiff,<br><br> vs.<br><br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST,  and Does 1 – 10, inclusive,<br><br>     Defendants. | Civil Action No. 2:15-cv-01381-JFC<br><br>The Honorable Joy Flowers Conti<br><br><br><br><br><br><br><br>ELECTRONICALLY FILED |

### FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This Court has original jurisdiction under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and pursuant to 28 U.S.C. §§ 1331, 1338.  This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Venue is proper in this district as it was transferred by Court Order dated October 23, 2015 from the United States District Court for the Central District of California, wherein Plaintiff originally filed suit alleging proper venue under 28 U.S.C. §§ 1391 and 1400(a) as a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles California.  Defendants' threatening conduct was and has been directed at Plaintiff in Los Angeles, California and Defendants' corresponding efforts to intentionally interfere with the lawful motion picture development of literary material that lies in the public domain has occurred in Los Angeles, California.

1

**PARTIES**

3. Plaintiff TEAM ANGRY FILMWORKS, INC. (hereinafter referred to as "TEAM ANGRY" or "PLAINTIFF") is a California corporation with its principal place of business located in Los Angeles, California. The President of TEAM ANGRY is Don Murphy ("Murphy"), a successful and well known motion picture producer whose production credits include "Natural Born Killers," "The League of Extraordinary Gentlemen," "From Hell" and "The Transformers" motion picture franchise. Motion pictures on which Mr. Murphy has acted as a producer have generated in excess of four billion dollars in box office revenues.

4. PLAINTIFF is informed and believes, and on that basis alleges, that Defendant LOUISE A. GEER (hereinafter referred to as "GEER" or "DEFENDANT") is an individual, residing in New Castle, Pennsylvania. PLAINTIFF is further informed and believes, and on that basis alleges, that GEER is the Trustee of the Dille Family Trust. Plaintiff is further informed and believes that DEFENDANT is actively engaged in offering to license and licensing its rights in and to the character of 'Buck Rogers,' which was originally created by Philip Francis Nowlan and first appeared in the novella entitled *Armageddon 2419 A.D.,* in 1928 as "Anthony Rogers." Mr. Nowlan died in 1940.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to PLAINTIFF, who therefore sues these Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon allege that each of the DOE Defendants was and is either intentionally, negligently, or in some other manner, the cause or contributing cause of, or otherwise responsible for, the damages suffered by PLAINTIFF. PLAINTIFF will amend this Complaint to allege the true names and capacities of each DOE Defendant, together with such allegations as may be

appropriate, when their names have been ascertained.

6. PLAINTIFF is informed and believes and thereon alleges that at all times mentioned in this Complaint, each Defendant was the agent, servant, employee, partner, successor, assignee, joint venturer and/or franchisee of each of the remaining Defendants herein, and was at all times acting within the course and scope of said agency, service, employment, partnership, joint venture and/or franchise. Moreover, Plaintiff is informed and believes, and based thereon alleges, that each act and omission hereinafter alleged on the part of any one Defendant was done with the approval and consent and was ratified by each of the remaining Defendants.

## GENERAL ALLEGATIONS

7. Philip Francis Nowlan was a science fiction writer best known for creating the character of 'Buck Rogers,' which first appeared in the novella written by Nowlan entitled *Armageddon 2419 A.D.* as 'Anthony Rogers' in 1928, its date of first publication in the United States in the magazine "Amazing Stories" (Volume 3, No. 5, August 1928). Mr. Nowlan died in 1940.

8. PLAINTIFF is informed and believes that the novella written by Nowlan entitled *Armageddon 2419 A.D.,* in 1928 entered the public domain in the United States in or about 1956 and world-wide in or about 2010. (A true and correct copy of *Armageddon 2419 A.D.* is attached hereto and incorporated by reference herein as **Exhibit "A."**)

9. PLAINTIFF is currently developing a motion picture project based upon Mr. Nowlan's novella entitled *Armageddon 2419 A.D.* including the character of 'Anthony Rogers' aka 'Buck Rogers' first appearing therein. In connection with its development of the motion picture project it is involved in the creation of a screenplay adaptation of *Armageddon 2419 A.D.*, which necessarily includes utilization and portrayal of the character 'Buck Rogers.' One of the

screenwriters of PLAINTIFF's adaptation happens to be Robert Nichols Flint Dille (commonly known as "Flint Dille"), one of two sole beneficiaries of the Dille Family Trust, who is based in Los Angeles, California.  Indeed, Plaintiff has preliminarily obtained firm interest from two major motion picture studios, Warner Brothers and Sony, to fund the production of a major motion picture based on the project with a budget equal to or in excess of $100,000,000.00, neither of which can presently be pursued until the declaratory relief sought herein can be obtained.

10. PLAINTIFF publicly announced its development of the motion picture project based upon Philip Francis Nowlan's *Armageddon 2419 A.D.*, which will necessarily include utilization and portrayal of the character 'Buck Rogers,' at Comic-Con in San Diego, California in July 2015.

11. PLAINTIFF's development of the motion picture project is well underway and it has engaged substantial in preparations for production.  Specifically, PLAINTIFF has retained the services of Susan Montford and Don Murphy as producers on the project, screenwriters Flint Dille and Ed Neumaier to write the screenplay adaptation currently underway based on an already completed written treatment thereof, and has hired a visual effects supervisor to start pre-visualization on the project in California, *inter alia*.

## Copyright Status

12. PLAINTIFF is informed and believes and on that basis alleges that pursuant to the copyright law of the United States, the novella written by Philip Francis Nowlan entitled *Armageddon 2419 A.D.,* in 1928 in which the character of 'Anthony Rogers' aka 'Buck Rogers' first appeared, entered the public domain in the United States in or about 1956 and 2010 world-wide.  Mr. Nowlan died in 1940.

**Defendant's Wrongful Claim of Ownership of the Philip Francis Nowlan Rights in**

*Armageddon 2419 A.D.*

13. PLAINTIFF is informed and believed that Flint Dille and his sister Lorraine Williams are the two sole beneficiaries of the Dille Family Trust, a California Trust governed by California law. Under information and belief, after the death of their father in 1983 and their mother in 2010, and the resignation of a previous Trustee, the beneficiaries appointed a lawyer, Defendant Louise Geer, as the successor Trustee. She and her husband Dan Herman are partners in the Geer and Herman P.C. law firm.

14. In response to PLAINTIFF's public announcement regarding its motion picture project and a Deadline Hollywood article to the same effect appearing on July 10, 2015, PLAINTIFF is informed and believes that on the same day Mr. Dille received a voicemail in California from Dan Herman as counsel for The Dille Family Trust, threatening to sue PLAINTIFF, its president Don Murphy, and its affiliates in connection with the *Armageddon 2419 A.D.* project in "every court in the land." Plaintiff is informed and believes and thereon alleges that Mr. Herman informed Mr. Dille that he was in San Diego, California for Comic-Con but would be leaving the convention early "to sue them."

15. At or about such time, Dan Herman together with the Trust's licensing representative Jane MacGregor also called PLAINTIFF in California, emphatically instructing PLAINTIFF and its affiliates to cease and desist from developing the motion picture project based upon Philip Nowlan's novella entitled *Armageddon 2419 A.D.*, and making similar threats to sue if such demands were not complied with. Under information and belief, Jane MacGregor is the licensing agent for the Dille Family Trust responsible for negotiating all film and television deals on its behalf, including deals for character licensing, and is based in Thousand Oaks, California.

16. On such call to PLAINTIFF, Mr. Herman asserted that The Dille Family Trust had not given PLAINTIFF or anyone affiliated with it permission to license or use any elements under the "Buck Rogers Universe," including Mr. Dille, and that the copyright in "Armageddon 2419 A.D." was owned by The Dille Family Trust. Mr. Herman concluded this call by indicating that unless the demand to "cease and desist" was complied with, immediate legal action seeking injunctive relief under copyright and trademark would be initiated against PLAINTIFF, its president Don Murphy, and their affiliates, including Mr. Dille.

17. PLAINTIFF is also informed that Mr. Herman and his wife, Trustee Louise Geer (who are both lawyers), then threatened the legal license of Mr. Thompson, who was not only Mr. Dille's lawyer but had also been the Dille Family Trust's lawyer for over a decade in California representing the Trust on a number of deals involving "Buck Rogers" both before and during Louise Geer's appointment as successor Trustee, forcing forcing Mr. Thompson to resign as their attorney.

18. On or about July 28, 2015, Mr. Thompson received a letter as Mr. Dille's counsel in California signed by Defendant Louise Geer on behalf of the Dille Family Trust. Again Ms. Geer asserted that the Dille Family Trust had not given permission or license for the use of "Buck Rogers" or any of the elements of the Buck Rogers Universe to Mr. Dille or to PLAINTIFF. The letter also accused Mr. Dille of acting to damage the interests of the Dille Family Trust and the interests of his co-beneficiaries, asserting that he may be liable to the Trust and other beneficiaries for any damages caused, and threatening to proceed with legal action if a satisfactory response was not received within ten days. A true and correct copy of Ms. Geer's July 28, 2015 letter is attached hereto as **Exhibit "B."**

19. A series of letters were also sent by Mr. Herman to PLAINTIFF's president Don Murphy in August 2015 reiterating the above cease and desist demands and threatening imminent litigation against PLAINTIFF and its affiliates if such demands were not complied with.  True and correct copies of Mr. Herman's letters sent in August 2015 are collectively attached hereto as **Exhibit "C."**

20. Plaintiff is informed and believes and on that basis alleges that Louise Geer as Trustee of the Dille Family Trust may have or has since commenced litigation against Flint Dille, a beneficiary of the Trust (and PLAINTIFF's screenwriter retained on the motion picture project), filing a "Writ of Summons" dated August 31, 2015 against him on an unspecified claim in a Pennsylvania Court and reflecting that Ms. Geer is the attorney on behalf of the plaintiff.  The action is entitled The Dille Family Trust, Louise Geer Trustee v. Robert Nichols Flint Dille Beneficiary, Commonwealth of Pennsylvania, County of Lawrence, File No. 2015-10848.

21. As outlined above, PLAINTIFF is informed and believes and on that basis alleges that in response to PLAINTIFF's public announcement of its motion picture project, GEER in her capacity as Trustee of the Dille Family Trust and her attorney have multiple times threatened over the phone and in writing to proceed with contemplated legal action against PLAINTIFF and its affiliates, asserted that the Dille Family Trust has not given permission or license for the use of 'Buck Rogers' or any of the elements of the 'Buck Rogers' Universe to PLAINTIFF or its affiliates, and demanded that they cease and desist from use of the same in connection with the motion picture project.  Such efforts to intentionally interfere with the lawful motion picture development by Plaintiff have rendered much further development, financing, and production thereof unreasonably difficult if not unfeasible at this time under such cloud of title.

22. Accordingly, PLAINTIFF is informed and believes and thereon alleges that GEER in her capacity as Trustee of the Dille Family Trust asserts exclusive ownership rights under Copyright to the character of 'Anthony Rogers' aka 'Buck Rogers' originally created by Philip Francis Nowlan in the novella written by Nowlan entitled *Armageddon 2419 A.D.,* in 1928.  For the purpose of this First Amended Complaint, although Plaintiff lacks personal knowledge, PLAINTIFF assumes and does not deny that DEFENDANT is the sole owner of the Philip Francis Nowlan's rights in the novella written by Nowlan entitled *Armageddon 2419 A.D.,* in 1928, but only to the extent that any such rights are valid and existing.

23. PLAINTIFF is further informed and believes that GEER in her capacity as Trustee of the Dille Family Trust asserts sole and exclusive ownership under Copyright as to all enumerated rights under 17 U.S.C. 106 regarding the use of the 'Anthony Rogers' aka 'Buck Rogers' Character originally created by Philip Francis Nowlan in the novella written by Nowlan entitled *Armageddon 2419 A.D.,* in 1928.  Such assertion of exclusive ownership over a work that has entered the public domain is wrongful and improper as a work in the public domain cannot be infringed.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT (17 U.S.C. §§101 *et seq.*))

### (Against all Defendants)

24. PLAINTIFF re-alleges each and every allegation set forth in Paragraphs 1 through 23, inclusive, and incorporates them herein by this reference.

25. An actual controversy of a justiciable nature currently exists between PLAINTIFF and DEFENDANT as to whether the development of a motion picture project based upon Mr. Nowlan's novella entitled *Armageddon 2419 A.D.* including the character of 'Anthony Rogers'

aka 'Buck Rogers' first appearing therein, infringes the rights asserted by DEFENDANT. Specifically, in connection with PLAINTIFF's development of the motion picture project, the creation of a screenplay adaptation of *Armageddon 2419 A.D.* necessarily includes utilization and portrayal of the character 'Buck Rogers.'

26.     PLAINTIFF's development of the motion picture project is well underway and it has engaged in substantial development efforts and preparations for production of this motion picture project such that but for a finding that the motion picture project infringes or for extraordinary and unforeseen contingencies, further production efforts could be undertaken in short order.  Specifically, PLAINTIFF has notably retained the services of Susan Montford and Don Murphy as producers on the project, screenwriters Flint Dille and Ed Neumaier to write the screenplay adaptation which is currently underway based on an already completed written treatment thereof, and has hired a visual effects supervisor to start pre-visualization on the motion picture project in California, *inter alia*.  Indeed, Plaintiff has preliminarily obtained firm interest from two major motion picture studios, Warner Brothers and Sony, to fund the production of a major motion picture based on the project with a budget equal to or in excess of $100,000,000.00, neither of which can presently be pursued until the declaratory relief sought herein can be obtained.

27.     PLAINTIFF is informed and believes and on that basis alleges that in response to PLAINTIFF's public announcement of its motion picture project, GEER in her capacity as Trustee of the Dille Family Trust and her attorney have multiple times threatened over the phone and in writing to proceed with contemplated legal action against PLAINTIFF and its affiliates, asserted that the Dille Family Trust has not given permission or license for the use of 'Buck Rogers' or any

of the elements of the 'Buck Rogers' Universe to PLAINTIFF or its affiliates, and demanded that they cease and desist from use of the same in connection with the motion picture project.

28. Such efforts to intentionally interfere with the lawful motion picture development have rendered further development, financing, and production thereof unreasonably difficult if not commerically unfeasible at this time under such cloud of title. Indeed, as a practical matter there is obviously little if any commercial interest by third parties such as Warner Brothers or Sony in financing, acquiring, licensing or distributing a motion picture (project) embroiled in a chain of title dispute. By virtue of the cloud that now hangs over this motion picture project, exploitation proves virtually impossible, as virtually any commercial distribution of any motion picture requires securing of errors and omissions insurance and Defendant and its counsel are well aware that insurers may well refuse to issue a policy in the first place under these circumstances. Alternatively, that they would only do so subject to such exclusions that distributors would find unacceptable.

29. PLAINTIFF alleges, and DEFENDANT denies, that as a matter of law, the Mr. Nowlan's novella entitled *Armageddon 2419 A.D.* including the character of 'Anthony Rogers' aka 'Buck Rogers' first appearing therein, are now in the public domain in the United States and the rest of the world, and accordingly, any member of the public, including PLAINTIFF, has the right in the United States to copy the expression embodied in this public domain work, and to create exploit derivative works based on this public domain work, without infringing any right of DEFENDANT under Copyright, or requiring attribution to DEFENDANT.

30. PLAINTIFF alleges, and DEFENDANT denies, that, as a matter of law, the character of 'Anthony Rogers' aka 'Buck Rogers' and the other characters, character traits, dialogue, settings, artifacts, story lines and other story elements that first appeared in 1928 in Mr.

Nowlan's novella entitled *Armageddon 2419 A.D.,* a copy of which is attached hereto as **Exhibit "A"** are now in the public domain in the United States, and accordingly, any member of the public, including PLAINTIFF, has the right in the United States to copy the expression embodied in this public domain work, and to create exploit derivative works based on this public domain work, without infringing any right of DEFENDANT under Copyright.

31. PLAINTIFF is entitled to a declaratory judgment against DEFENDANT as set forth in Paragraphs 29 and 30 pursuant to the Copyright Law of the United States and the First Amendment of the Constitution of the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for judgment against the DEFENDANT as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judicial determination and order declaring that, copyright having expired in the United States and the world as to the novella written by Philip Francis Nowlan entitled *Armageddon 2419 A.D.* in 1928, the work of authorship set forth in the attached **Exhibit "A"** and the story elements and the characters, character traits, dialogue, settings, artifacts, story lines and other story elements set forth and originating therein, any member of the public, including Plaintiff, has the right in the United States to copy the expression embodied in this public domain work.

2. For a judicial determination and order declaring that, copyright having expired in the United States and the world as to the novella written by Philip Francis Nowlan entitled *Armageddon 2419 A.D.* in 1928, the work of authorship set forth in the attached **Exhibit "A,"** and as to the 'Anthony Rogers' aka 'Buck Rogers' character originating therein, any member of the

public, including Plaintiff, has the right in the United States to copy the expression embodied in this public domain work, and to create and exploit derivative works incorporating any and all of the 'Anthony Rogers' aka 'Buck Rogers' character without infringing any right of DEFENDANT under copyright.

3. For a judicial determination and order declaring that, copyright having expired in the United States as to the novella written by Philip Francis Nowlan entitled *Armageddon 2419 A.D.* in 1928, the work of authorship set forth in the attached **Exhibit "A,"** and the story elements and the characters, character traits, dialogue, settings, artifacts, story lines and other story elements set forth and originating therein and further as to the 'Anthony Rogers' aka 'Buck Rogers' character originating therein, any member of the public, including Plaintiff, has the right in the United States to copy the expression embodied in this public domain work, and to create and exploit derivative works incorporating any and all of the 'Anthony Rogers' aka 'Buck Rogers' character without infringing any right of DEFENDANT under the Lanham Act. (See Dastar Corp. v. Twentieth Century Foxfilm Corp., (2003) 540 U.S. 806: Section 43 (a) of the Lanham Act does not prevent the unaccredited copying of a work in the public domain; *See also* Sears Roebuck & Co. v. Stiffel Co., (1964) 376 U.S. 225, 230: the public has the right to copy without attribution once a copyright has expired.)

4. That DEFENDANT, the beneficiaries of the Dille Family Trust, their agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly asserting rights under Copyright in and to the work of authorship *Armageddon 2419 A.D.* attached hereto as **Exhibit "A,"** and/or the 'Anthony Rogers' aka 'Buck Rogers' story elements originating therein, or assisting in any such activity, and from

interfering with the exploitation of the 'Anthony Rogers' aka 'Buck Rogers' character and story elements by Plaintiff.

    5.    That PLAINTIFF have judgment against DEFENDANTS for PLAINTIFF's costs and attorneys' fees (17 U.S.C. Sec. 505).

    6.    That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

Dated:  January 29, 2016                ABRAMS COATE LLP

                                              By:___/s/ Charles M. Coate_____
                                              Charles M. Coate
                                              Theresa E. Johnson
                                              Attorneys for Plaintiff TEAM ANGRY FILMWORKS, INC., a California corporation

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury on all issues triable by jury.

Dated:  January 29, 2016                                      ABRAMS COATE LLP


By:___/s/ Charles M. Coate_____
Charles M. Coate
Theresa E. Johnson
Attorneys for Plaintiff TEAM ANGRY
FILMWORKS, INC., a California
corporation

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing FIRST AMENDED COMPLAINT has been served by electronic means through the Court's transmission facilities on the following counsel of record:

David Aronoff, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
daronoffo@foxrothschild.com

Jana C. Volante, Esq.
FOX ROTHSCHILD LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
jvolante@foxrothschild.com


ABRAMS COATE

Dated:  January 29, 2016            By:___/s/ Charles M. Coate_____
                                            CHARLES M. COATE