IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST, and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:15-cv-01381-JFC<br><br>**The Honorable Joy Flowers Conti**<br><br><br><br>ELECTRONICALLY FILED |

### DECLARATION OF LOUISE A. GEER IN SUPPORT OF DEFENDANT'S MOTION FOR JOINDER OF NECESSARY OR DISMISSAL FOR LACK OF INDISPENSABLE PARTIES UNDER F.R.C.P. RULES 12(b)(7) AND 19

Comes now Louise A. Geer and states the following:

1. I, Louise A. Geer, am the Trustee of the Dille Family Trust ("DFT") and have been so since June 6, 2011. I have been named as a defendant herein in my capacity as Trustee for DFT. This Declaration is in support of my concurrently-filed Motion for Joinder of Necessary or Dismissal for Lack of Indispensable Parties Under F.R.C.P. Rules 12(b)(7) and 19. I have personal knowledge, and knowledge gained in my role as Trustee of DFT from the files and records maintained in the regular course of business by DFT, of the facts set forth in this Declaration. If necessary, I could and would competently testify to the matters herein.

2. As the Trustee of DFT, I manage, control and license various rights, including trademark rights and certain copyrights, in and relating to the character "Buck Rogers." These rights have been disputed by the Nowlan Family Trust ("NFT") and by Armageddon, LLC ("AL"), an entity that I understand to be affiliated or otherwise associated in some manner with NFT, which respectively contend that they own trademark rights pertaining to "Buck Rogers" and

*Armageddon 2419 A.D.* – the novella authored by Philip Francis Nowlan. As a result of these disputes, as the Trustee of DFT, I am currently engaged in litigating the following disputes with NFT and AL concerning "Buck Rogers" and *Armageddon 2419 A.D.*:

    a. *Dille Family Trust v. Nowlan Family Trust*, District Court for the Eastern District of Pennsylvania Index No. 2:15-cv-06231-WB, which involves, among other claims, an appeal by DFT under Lanham Act § 21(b), 15 U.S.C. § 1071(b), and 37 C.F.R. § 2.145(c) of the September 25, 2015 decision of the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office allowing DFT's registration of certain "Buck Rogers" trademarks in *Dille Family Trust v. Nowlan Family Trust*, Opposition No. 91200643 ("the NFT Appeal"). A true and correct copy of the 1/29/16 Amended Complaint filed by DFT in the NFT Appeal is attached hereto as Ex. 1, and a true and correct copy of the 2/8/16 Motion to Dismiss filed in response by NFT is attached hereto as Ex. 2.

    b. *Dille Family Trust v. Armageddon, LLC*, TTAB Opposition No. 91225273 (filed December 9, 2015), a TTAB Opposition filed by DFT to the registration by AL, an entity apparently controlled by NFT, of the claimed trademark *Armageddon 2419 A.D.* for use in connection with motion pictures, entertainment services, and other works and products in Int'l Classes 009, 016, 025, 028 and 041 ("the AL Opposition"). A true and correct copy of the 12/9/15 Notice of Opposition filed by DFT in the AL Opposition is attached hereto as Ex. 3. AL recently filed a 2/17/16 Motion to Suspend the AL Opposition pending the outcome of the NFT Appeal, a true and correct copy of which is attached hereto as Ex. 4.

3. In the above matters, NFT and AL are claiming trademark rights in "Buck Rogers" and *Armageddon 2419 A.D.*, the same properties at issue here. Thus, to avoid duplicative litigation, unnecessary costs, and potentially inconsistent rulings, if the Court finds that Plaintiff's First Amended Complaint herein states a justiciable claim for relief under F.R.C.P. Rules 12(b)(1) and 12(b)(6), NFT and AL should be joined to this action as necessary parties, or the action should be dismissed for lack of indispensable parties if their joinder is not feasible, pursuant to Rules 12(b)(7) and 19.

4. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 18th day of February 2016.

_____
Louise A. Geer