IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST, and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:15-cv-01381-JFC<br><br>**The Honorable Joy Flowers Conti**<br><br><br><br>**ELECTRONICALLY FILED** |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(1) AND 12(b)(6), AND FOR JOINDER OF NECESSARY OR DISMISSAL FOR LACK OF INDISPENSABLE PARTIES UNDER RULES 12(b)(7) AND 19

Defendant Louise Geer as the Trustee of the Dille Family Trust ("DFT") ("Defendant"), by and through the undersigned counsel, moves the Court to dismiss, with prejudice, the Third Amended Complaint ("TAC") filed against Defendant by Plaintiff Team Angry Filmworks, Inc. ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and 12(b)(6). Alternatively, if the Court does not dismiss the TAC on said grounds, Defendant moves the Court to join necessary parties the Nowlan Family Trust ("NFT") and Armageddon, LLC ("AL") as defendants, or, if joinder is not feasible, to dismiss the TAC with prejudice for lack of indispensable parties pursuant to Rules 12(b)(7) and 19, stating as follows:

1. Plaintiff filed the TAC against Defendant, alleging that Defendant has interfered with the lawful motion picture development of literary material that lies in the public domain.

2. In the TAC, Plaintiff seeks declaratory relief that "copyright having expired in the United States and the world . . . as to the 'Anthony Rogers' aka 'Buck Rogers' character . . ., any member of the public, including Plaintiff, has the right in the United States to copy the

expression embodied in this public domain work, and to create and exploit derivative works incorporating any and all of the 'Anthony Rogers' aka 'Buck Rogers' character without infringing any right of DEFENDANT under copyright." TAC, Prayer for Relief, ¶ 2. Additionally, Plaintiff further seeks a declaration that "Buck Rogers" can be exploited by Plaintiff "without infringing any right of DEFENDANT under the Lanham Act." *Id*., ¶ 3.

3. Plaintiff's TAC alleges insufficient facts supporting its boilerplate legal conclusion that "[a]n actual controversy of a justiciable nature currently exists between PLAINTIFF and DEFENDANT as to whether the development of a motion picture project … infringes the rights asserted by DEFENDANT." TAC ¶ 30.

4. Plaintiff does not allege that it has secured financing or distribution for its putative film, that a screenplay has been written and approved for production, that Plaintiff has secured binding commitments from key talent, such as the director and stars of this project, or that there is a start date for production or a release date.

5. In fact, the TAC is almost identical to the deficient Second Amended Complaint, and Plaintiff's token amendments – *i.e*., only adding two vague, uncertain and aspirational "letters of intent" (one of them unsigned by anyone) that contain no binding promissory language or material terms (TAC ¶¶ 10(e)-(f), 31(e)-(f) and Exs. 1-2) – utterly fail to plead the required element of "immediacy." *See Team Angry Filmworks, Inc. v. Geer*, 171 F. Supp. 3d 437, 446-47 (W.D. Pa. 2016) ("*Team Angry I*"); *Team Angry Filmworks, Inc. v. Geer*, ___ F. Supp. 3d ___, 2016 WL 6039068 *9-11 (W.D. Pa. Oct. 14, 2016) ("*Team Angry II*").

6. The TAC continues to reveal the inescapable truth that "[a]t this early stage, the production and release of plaintiff's film are 'contingent future event[s]' that may not occur 'as

anticipated' or 'indeed may not occur at all.'" *Team Angry I*, 171 F. Supp. 3d at 447 (*quoting Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

7. The TAC violates both F.R.C.P. 12(b)(1) and 12(b)(6) by failing to allege a justiciable case or controversy under the Declaratory Relief Act, 28 U.S.C. §2201, because Plaintiff has not and cannot allege that it is "immediately prepared" to produce its proposed *Armageddon 2419 A.D.* motion picture. *See Team Angry I*, 171 F. Supp. 3d at 446 ("Without allegations about when film production could begin and when the film could be released, the court cannot conclude that plaintiff is 'immediately prepared' to engage in copyright-infringing activity…."); *Team Angry II*, 2016 WL 6039068 *11 ("Without factual allegations about the timing of plaintiff's infringing activity, the court cannot find that the second amended complaint establishes the immediacy of this dispute"); *Sobini Films v. Tri-Star Pictures, Inc.*, 61 U.S.P.Q.2d 1930, 2001 WL 1824039, at *5 (C.D. Cal. Nov. 21, 2001) (holding that the plaintiff must be "immediately prepared" to produce its potentially infringing film); *see also Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004) (dispute lacked the required immediacy where prototype of the product at issue would not be operational for more than a year); *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764-65 (Fed. Cir. 1990) (no actual controversy where the allegedly infringing product "would not be finished until at least 9 months after the complaint was filed").

8. The new so-called "letters of intent" (TAC ¶¶ 10(e)-(f), 31(e)-(f) and Exs. 1-2) are not binding and fail to establish the "immediacy" of Plaintiff's film. Specifically, neither letter is signed by Plaintiff (and one of them (Ex. 1) is not signed by anyone), neither letter mentions essential contract terms such as compensation and start dates, neither letter is supported by consideration, neither letter contains promissory covenants of any kind, and the language of both

letters is vague, tentative, and merely aspirational.  *See* TAC, Ex. 1 (stating that after this case is resolved the film "***could*** start pre-production immediately" and "***could*** go into production almost immediately, within three to six months") (emphases added) and Ex. 2 ("[t]he ***plan*** would be to get a screenplay within three months…. Then we would ***want*** to be making the film within six months.") (emphases added).  Such "letters of intent" are too uncertain to be enforceable.  *See Clark Res., Inc. v. Verizon Bus. Network Servs., Inc.*, No. 1:10-CV-1119, 2010 WL 4973342, at *7 (M.D. Pa. Dec. 1, 2010) (vague letter of intent unenforceable); *SDK Investments, Inc. v. Ott*, No. CIV. A. 94-1111, 1996 WL 69402, at *10 (E.D. Pa. Feb. 15, 1996) (same).

9. Under 28 U.S.C. §2201, this Court may not adjudicate hypothetical disputes or render advisory opinions based on an alleged potential infringement of insufficient immediacy and reality to constitute a substantial controversy. As this Court has already noted, "Article III, however, requires an immediate and real dispute, ***notwithstanding the risk or cost a party must bear***." *Team Angry I*, 171 F. Supp. 3d at 448 (emphasis added); *see also Sobini*, 2001 WL 1824039, at *4 ("While a subsequent finding of infringement might render [the] plaintiff's activity fruitless, ***that risk must be taken as a prerequisite to seeking judicial relief***") (emphasis added).  This is because declaratory relief is improper based on the theory that "'We would like to use the mark, but before we do, we want a court to say we may do so safely.'" *Windsurfing Int'l, Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987) (quotations in original).  Such tactics amount to seeking "an advisory opinion, something a federal court may not give." *Id*. (*citing (citing Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).

10. Here, Plaintiff is merely seeking an advisory opinion regarding a hypothetical dispute, and thus has failed to plead a claim for relief or a justiciable case or controversy under 28 U.S.C. §2201.  Thus, the TAC is fatally deficient, fails to state a claim, does not invoke the jurisdiction

of this Court, and should be dismissed in its entirety with prejudice. Because Plaintiff has struck out after being given three strikes at the ball, dismissal of the TAC should be with prejudice and without leave to amend. Where a plaintiff has attempted to amend its complaint three times unsuccessfully, ***"courts may find that '[t]hree bites at the apple is enough,'" and conclude that it is proper to deny leave to amend again***. *Milton Reg'l Sewer Auth. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:13–CV–2786, 2014 WL 5529169, *8 fn.2 (M.D. Pa. Nov. 3, 2014) (*quoting Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y.1997)) (emphasis added).

11. In the alternative, if the Court does not dismiss the TAC based on Rules 12(b)(1) and 12(b)(6), then the Court should join NFT and AL as defendants in this lawsuit as they are necessary parties under Rules 12(b)(7) and 19.

12. NFT and AL are engaged in on-going parallel litigation adverse to Defendant in which they are claiming trademark rights to "Buck Rogers" and *Armageddon 2419 A.D.* – raising the very same issues as the current case. *See* TAC, Prayer for Relief, ¶ 3 (seeking declaration that "Buck Rogers" can be exploited by Plaintiff "without infringing any right of DEFENDANT under the Lanham Act").

13. If joinder of NFT and AL is not feasible, then the Court should dismiss the TAC with prejudice for lack of indispensable parties pursuant to F.R.C.P. 12(b)(7) and 19(b).

14. Defendant's grounds for dismissal of the TAC and for joinder of necessary parties are set forth in greater detail in the separately filed Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to F.R.C.P. Rules 12(b)(1) and 12(b)(6), and for Joinder of Necessary or Dismissal for Lack of Indispensable Parties under Rules 12(b)(7) and 19, which is fully incorporated herein.

WHEREFORE, Defendant Louise Geer, as Trustee of the Dille Family Trust, respectfully requests that this Court dismiss Plaintiff's TAC against her in its entirety, with prejudice and without leave to amend, and award her such further relief as the Court deems just and appropriate.  In the alternative, if the Court does not dismiss Plaintiff's TAC, then Defendant respectfully requests that the Nowlan Family Trust and Armageddon, LLC be joined as parties or that the TAC be dismissed if their joinder is not feasible.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

DATED:  January 9, 2017

s/ David Aronoff
David Aronoff (admitted *pro hac vice*)
Ca. State Bar No. 125694
Jana C. Volante
Pa. ID No. 308889
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone:  (412) 391-1334
Facsimile:  (412) 391-6984
daronoff@foxrothschild.com
jvolante@foxrothschild.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to F.R.C.P. Rules 12(b)(1) and 12(b)(6), and for Joinder of Necessary or Dismissal for Lack of Indispensable Parties Under Rules 12(b)(7) and 19 has been served by electronic means through the Court's transmission facilities on the following counsel of record:

Charles Michael Coate, Esquire<br>
Abrams Coate LLP<br>
12400 Wilshire Boulevard, Suite 1060<br>
Los Angeles, CA 90025<br>
ccoate@abramscoate.com

FOX ROTHSCHILD LLP

Date:  January 9, 2017            s/ David Aronoff
                                  David Aronoff