IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>    Plaintiff,<br>  vs.<br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST,  and Does 1 – 10, inclusive,<br><br>    Defendants. | Civil Action No. 2:15-cv-01381-JFC<br><br>The Honorable Joy Flowers Conti<br><br><br><br><br>**ELECTRONICALLY FILED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(1) AND 12(b)(6), AND FOR JOINDER OF NECESSARY PARTIES OR DISMISSAL FOR LACK OF INDISPENSABLE PARTIES UNDER F.R.C.P. RULES 12(b)(7) AND 19**

Plaintiff Team Angry Filmworks, Inc. ("Plaintiff"), by and through the undersigned counsel, opposes Defendant Louise Geer's as the Trustee of the Dille Family Trust ("DFT") ("Defendant") Motion to Dismiss the Third Amended Complaint ("TAC").  Plaintiff also opposes Defendant's renewed motion to the Court to join the Nowlan Family Trust ("NFT") and Armageddon, LLC ("AL") as necessary parties which was previously denied, on the following grounds:

1.    Plaintiff filed the TAC against Defendant, alleging that Defendant has interfered with the lawful motion picture development of literary material that lies in the public domain. The well pleaded allegations are deemed true for purposes of the motion.

2.    In the TAC, Plaintiff seeks a declaratory judgment, *inter alia*, that copyright having expired in the United States and the world as to the novella written by Philip Francis Nowlan entitled *Armageddon 2419 A.D.* in 1928 and the story elements and the characters, character traits, dialogue, settings, artifacts, story lines and other story elements set forth and originating therein, (including the character "Anthony Rogers" aka "Buck Rogers") that any

1

member of the public, including Plaintiff, has the right in the United States to copy the expression embodied in this public domain work.  Additionally, Plaintiff seeks a declaration that "Buck Rogers" can be exploited by Plaintiff without infringing any right of Defendant under the Lanham Act.

3. The TAC, like the Second Amended Complaint before it, sufficiently pleads the element of immediacy.  Plaintiff has shown it will immediately be able to begin production on the film should the court decide the character is in the public domain.  Plaintiff alleges that it has secured preliminary financing and has garnered interest in distribution for this film, that a treatment has been written and submitted to the U.S. Copyright Office for registration, that Plaintiff has secured commitments from key talent including the director, producers, writers, and visual effects supervisor for this project, and also that Plaintiff has an expedited timeline for production of the film.

4. The TAC contains sufficient allegations to show that the totality-of-the-circumstances, as defined by *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) and later affirmed by the Seventh Circuit in *Klinger v. Conan Doyle Estate Ltd.*, 755 F.3d 496 (7th Cir. 2014), warrant the issuance of a declaratory judgment.

5. As to Defendant's renewed and previously denied motion for joinder of necessary parties or for dismissal for lack of indispensable parties, such motion is untimely and based on facts that occurred after the case was filed. Further, Defendant has failed to make a showing that the Court cannot provide meaningful relief in the absence of the parties sought to be joined.

6. Plaintiff's grounds for denying the dismissal of the TAC and denying the joinder of necessary parties are set forth in greater detail in the separately filed Memorandum of Law in

Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, which is fully incorporated herein.

WHEREFORE, Plaintiff Team Angry Filmworks, Inc. respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint in its entirety and Defendant should be ordered to finally answer the TAC without further delay.

Respectfully submitted,

Dated:  January 27, 2017             By:  /s/ Charles M. Coate
                                     Charles M. Coate (SBN CA 140404);
                                     ABRAMS COATE LLP
                                     12400 Wilshire Blvd. #1060, Los Angeles, CA 90025
                                     Tel: (310) 576-6161; Fax: (310) 576-6160
                                     Email: ccoate@abramscoate.com
                                     Attorneys for Plaintiff Team Angry Filmworks, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(1) AND 12(b)(6), AND FOR JOINDER OF NECESSARY PARTIES OR DISMISSAL FOR LACK OF INDISPENSABLE PARTIES UNDER F.R.C.P. RULES 12(b)(7) AND 19 has been served by electronic means through the Court's transmission facilities on the following counsel of record:

David Aronoff, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
daronoffo@foxrothschild.com

Jana C. Volante, Esq.
FOX ROTHSCHILD LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
jvolante@foxrothschild.com

ABRAMS COATE LLP

Dated:  January 27, 2017                    By:___/s/ Charles M. Coate_____
                                            CHARLES M. COATE

4