IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST, and Does 1 – 10, inclusive,<br><br>Defendants. | Civil Action No. 2:15-cv-01381-JFC<br><br>The Honorable Joy Flowers Conti<br><br><br><br><br><br><br><br>ELECTRONICALLY FILED |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF LOUISE A. GEER FILED IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**Objection No. 1:** [Declaration of Louise A. Geer ("Geer Decl.") ¶2; Exs. 1-5]

"… These rights [in and relating to the character 'Buck Rogers'] have been disputed by the Nowlan Family Trust ("NFT") and by Armageddon, LLC ("AL"), an entity that I understand to be affiliated or with NFT (because they have common ownership and control), which respectively contend that they own trademark rights pertaining to "Buck Rogers" and *Armageddon 2419 A.D.* – the novella authored by Philip Francis Nowlan. As a result of these disputes, as the Trustee of DFT, I am currently engaged in litigating the following disputes with NFT and AL concerning "Buck Rogers" and *Armageddon 2419 A.D.*:

    a.   *Dille Family Trust v. Nowlan Family Trust*, District Court for the Eastern District of Pennsylvania Index No. 2:15-cv-06231-WB, which involves, among other claims, an appeal by DFT under Lanham Act § 21(b), 15 U.S.C. § 1071(b), and 37 C.F.R. § 2.145(c) of the September 25, 2015 decision of the Trademark Trial

and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office rejecting DFT's opposition to NFT's registration of certain "Buck Rogers" trademarks in *Dille Family Trust v. Nowlan Family Trust*, Opposition No. 91200643 ("the NFT Appeal"). A copy of the Second Amended Complaint filed on May 5, 2016 by DFT in the NFT Appeal is filed herewith as Ex. 1.   On September 16, 2016, Judge Beetlestone in large part denied a motion to dismiss filed by NFT. *See The Dille Family Trust v. The Nowlan Family Trust*, ___ F. Supp. 3d ___, 2016 WL 4943361 (E.D. Pa. Sept. 16, 2016). Subsequently, on October 6, 2016, NFT submitted its Second Answer and Affirmative Defenses to Second Amended Complaint, which is filed herewith Ex. 2.  Thereafter, the Court issued its Third Amended Scheduling Order, stating (among other things) that fact discovery shall be completed by January 18, 2017 and that any motions for summary judgment and/or *Daubert* motions shall be filed and served by May 17, 2017.  A copy of this Order is submitted herewith as Ex. 3.b.  *Dille Family Trust v. Armageddon, LLC*, TTAB Opposition No. 91225273 (filed December 9, 2015), a TTAB Opposition filed by DFT to the registration by AL, an entity controlled by NFT, of the claimed trademark *Armageddon 2419 A.D.* under Serial Number 86185951 for use in connection with motion pictures, entertainment services, and other works and products in Int'l Classes 009, 016, 025, 028 and 041 ("the AL Opposition"). A true and correct copy of the December 9, 2015 Notice of Opposition filed by DFT in the AL Opposition is attached hereto as Ex. 4.  On August 15, 2016, the TTAB entered an Order suspending proceedings in the AL

Opposition pending a final decision in the NFT Appeal, because the matters are related. This Order is filed herewith as Ex. 5."

**Grounds for Objection 1:** Irrelevant and inadmissible for purposes of the instant motion as to purported facts unrelated to this Plaintiff and not in existence at the time this case was filed. (F.R.E. 401-403; see also *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.* (10th Cir. 2003) 320 F. 3d 1081, 1097: In determining whether a party is "indispensable," the court must evaluate the facts as they existed when the case was filed and not by what happens later.)

Further irrelevant in the context of this action, as the specific issue of whether the novella at issue in this case has entered the public domain under the Copyright Act is not being specifically litigated in any of the forums referenced (F.R.E. 401-403). Indeed, the only aspect of trademark law tangentially implicated by the declaratory relief sought here under the Copyright Act is that if the Court properly finds the subject work to have entered the public domain under Copyright, then under *Dastar Corp. v. Twentieth Century Foxfilm Corp.*, (2003) 540 U.S. 806, Section 43 (a) of the Lanham Act does not prevent the unaccredited copying of a work in the public domain (see also *Sears Roebuck & Co. v. Stiffel Co.*, (1964) 376 U.S. 225, 230: the public has the right to copy without attribution once a copyright has expired.) Accordingly, this Court can absolutely provide meaningful relief on the declaration of rights sought under Copyright, separate and apart from Defendant's attempt to drag Plaintiff into another bitter dispute that does not concern Plaintiff.

**Objection No. 2:** [Geer Decl. ¶3]

"In the above matters, NFT and AL are claiming trademark rights adverse to DFT in the character "Buck Rogers" and Armageddon 2419 A.D., the same properties at issue in the above-

captioned action.  Thus, to avoid duplicative litigation, unnecessary costs, and potentially inconsistent rulings, if the Court finds that Plaintiff's Third Amended Complaint herein states a justiciable claim for relief under F.R.C.P. Rules 12(b)(1) and 12(b)(6), NFT and AL should be joined to this action as necessary parties, or the action should be dismissed for lack of indispensable parties if their joinder is not feasible, pursuant to Rules 12(b)(7) and 19."

**Grounds for Objection 2:**  Irrelevant and inadmissible for purposes of the instant motion as to purported facts unrelated to this Plaintiff and not in existence at the time this case was filed.  (F.R.E. 401-403; see also *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*  (10th Cir. 2003) 320 F. 3d 1081, 1097: In determining whether a party is "indispensable," the court must evaluate the facts as they existed when the case was filed and not by what happens later.)

Further irrelevant in the context of this action, as the specific issue of whether the novella at issue in this case has entered the public domain under the Copyright Act is not being specifically litigated in any of the forums referenced (F.R.E. 401-403).  Indeed, the only aspect of trademark law tangentially implicated by the declaratory relief sought here under the Copyright Act is that if the Court properly finds the subject work to have entered the public domain under Copyright, then under *Dastar Corp. v. Twentieth Century Foxfilm Corp.*, (2003) 540 U.S. 806, Section 43 (a) of the Lanham Act does not prevent the unaccredited copying of a work in the public domain (see also *Sears Roebuck & Co. v. Stiffel Co.*, (1964) 376 U.S. 225, 230: the public has the right to copy without attribution once a copyright has expired.)  Accordingly, this Court can absolutely provide meaningful relief on the declaration of rights sought under Copyright, separate and apart from Defendant's attempt to drag Plaintiff into another bitter dispute that does not concern Plaintiff.

///

Conclusory, improper legal conclusion as to whether third parties should be joined or the action should be dismissed, and whether such action(s) would avoid duplicative litigation, unnecessary costs, or potentially inconsistent rulings.  (F.R.E. 702.)

                                              Respectfully submitted,

Dated:  January __, 2017          By:____/s/ Charles M. Coate_____
                                              Charles M. Coate (State Bar No. CA 140404)
                                              ABRAMS COATE LLP
                                             12400 Wilshire Boulevard, Suite 1060
                                             Los Angeles, California 90025
                                             Tel: (310) 576-6161; Fax: (310) 576-6160
                                             Email: ccoate@abramscoate.com
                                             Attorneys for Plaintiff Team Angry Filmworks, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing EVIDENTIARY OBJECTIONS TO DECLARATION OF LOUISE A. GEER FILED IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT has been served by electronic means through the Court's transmission facilities on the following counsel of record:

David Aronoff, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
daronoffo@foxrothschild.com

Jana C. Volante, Esq.
FOX ROTHSCHILD LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
jvolante@foxrothschild.com

ABRAMS COATE LLP

Dated: January __, 2017        By:___/s/ Charles M. Coate_____
                                  CHARLES M. COATE