## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation, | **No. 2:15-cv-01381-JFC** |
| Plaintiff, | **The Honorable Joy Flowers Conti** |
| v. | **Jury Trial Demanded** |
| LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST, and DOES 1-10, inclusive, | |
| Defendants. | **ELECTRONICALLY FILED** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Louise Geer as the Trustee of the Dille Family Trust ("DFT") ("Defendant"), by and through the undersigned counsel, hereby submits her Answer to Plaintiff's Third Amended Complaint ("TAC") as follows.

### JURISDICTION AND VENUE

1.     Answering Paragraph 1, Defendant admits that the TAC purports to plead jurisdiction under the Copyright Act and pursuant to 28 U.S.C. §§ 1331 and 1338, and a claim for declaratory judgment under the Declaratory Judgment Act 28 U.S.C. §§ 1331 and 2201.

2.     Answering Paragraph 2, Defendant admits that venue is proper in this District and that the case was transferred from the U.S. District Court for the Central District of California. Except as so admitted, Defendant denies the remaining allegations of Paragraph 2.

### PARTIES

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and therefore denies them.

4.    Answering Paragraph 4, Defendant admits that she is an individual residing in New Castle, Pennsylvania, is the Trustee of DFT, and is actively engaged in offering to license and licensing the rights held by DFT in and to the character "Buck Rogers."  Defendant denies that "Buck Rogers" was created by Philip Francis Nowlan ("Nowlan"), and instead alleges that "Buck Rogers" was the creation of John F. Dille ("Dille").  Defendant lacks knowledge or information sufficient to form a belief as to whether Nowlan died in 1940, and therefore denies said allegation.  Except as specifically set forth above, Defendant denies the remaining allegations of Paragraph 4.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and therefore denies them.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore denies them.

## GENERAL ALLEGATIONS

7.    Answering Paragraph 7, Defendant denies that "Buck Rogers" was created by Nowlan, who was a science fiction writer, and instead alleges that "Buck Rogers" was the creation of Dille.  Defendant further lacks knowledge or information sufficient to form a belief as to whether Nowlan died in 1940, and therefore denies said allegation.  Except as specifically set forth above, Defendant denies the remaining allegations of Paragraph 7.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies them.

9.    Answering Paragraph 9, Defendant denies that the character "Buck Rogers" appears in *Armageddon 2419 A.D.*, but admits that the character "Anthony Rogers" appears in that work.  Defendant further denies that "Buck Rogers" is "also known as" or otherwise

2

synonymous with "Anthony Rogers."  Defendant further admits that Robert Nichols Flint Dille ("Flint Dille") is one of the two sole primary beneficiaries of DFT, without regard to contingent beneficiaries.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and therefore denies them.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, including subparagraphs a. through f., and therefore denies them.

11.    Answering Paragraph 11, Defendant denies that a motion picture project based on Nowlan's *Armageddon 2419 A.D.* will necessarily include the utilization and portrayal of the character "Buck Rogers."  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11, and therefore denies them.

**Copyright Status**

12.    Answering Paragraph 12, Defendant denies that the character "Buck Rogers" appears in Nowlan's *Armageddon 2419 A.D.*, but admits that the character "Anthony Rogers" appears in that work.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and therefore denies them.

**Defendant's Allegedly Wrongful Claim of Ownership of the**

**Phillip Francis Nowlan Rights in *Armageddon 2419 A.D.***

13.    Answering Paragraph 13, Defendant admits that Flint Dille and his sister Lorraine Williams are the two primary beneficiaries of DFT, a California trust governed by California

law, without regard to contingent beneficiaries.  Defendant further admits that she is the successor Trustee of DFT, and alleges that she and her husband Dan Herman are together employed by the Geer and Herman P.C. law firm.  Except as specifically set forth above, Defendant denies the remaining allegations of Paragraph 13.

14.     Answering Paragraph 14, Defendant admits and alleges that DFT and its representatives have asserted the position that DFT holds certain rights in the character "Buck Rogers" that may not be infringed by Plaintiff.  Defendant denies that DFT has any objection to Plaintiff's development of a film based on *Armageddon 2419 A.D.* using the character "Anthony Rogers" therein.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them.

15.     Answering Paragraph 15, Defendant admits that Flint Dille is a beneficiary of DFT and that Dan Herman has served as counsel for DFT and attended Comic-Con in San Diego, California, in 2015.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and therefore denies them.

16.     Answering Paragraph 16, Defendant admits that Jane MacGregor was a senior executive at JEM Entertainment, which was a licensing agent for DFT responsible for negotiating film and television deals on its behalf, including deals for character licensing. Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore denies them.

18.     Answering Paragraph 18, Defendant admits that at times Richard Thompson served as DFT's lawyer, and that he is based in California and has represented DFT on a number of deals involving "Buck Rogers" both before and after Defendant's appointment as successor Trustee.  Defendant also admits that she and her husband Mr. Herman are both lawyers.  Except as specifically set forth above, Defendant denies the remaining allegations in Paragraph 18.

19.     Answering Paragraph 19, Defendant admits and alleges that she authored the letter dated July 28, 2015 attached to the TAC as Exhibit H, that the letter speaks for itself with regard to its contents, and that the letter was received by Mr. Thompson on or about the date it bears.  Except as specifically set forth above, Defendant denies the remaining allegations set forth in Paragraph 19.

20.     Answering Paragraph 20, Defendant admits and alleges that Mr. Herman authored the two letters dated August 4, 2015 and the additional letter dated August 6, 2015, collectively attached to the TAC as Exhibit I, and that the letters speaks for themselves with regard to their contents.  Except as specifically set forth above, Defendant denies the remaining allegations set forth in Paragraph 20.

21.     Answering Paragraph 21, Defendant admits and alleges that DFT has entered into various written agreements concerning, among other things, a television series regarding "Buck Rogers" subject to certain representations and other terms stated therein, which speak for themselves.  Except as specifically set forth above, Defendant denies the remaining allegations set forth in Paragraph 21.

22.     Answering Paragraph 22, Defendant denies that a bona fide dispute now exists between the parties and/or that she is attempting to interfere with Plaintiff's development of a motion picture project based on *Armageddon 2419 A.D.* using the character "Anthony Rogers" therein.  Defendant further admits and alleges that DFT holds exclusive rights in the character "Buck Rogers," that said character may not lawfully be developed as or used in a motion picture without authorization by DFT, and that this position has been communicated to Plaintiff by phone and in writing.  Defendant further alleges that no justiciable case or controversy exists between the parties because Plaintiff is not immediately prepared to produce its purported film project.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22, and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore denies them.

27.     Answering Paragraph 27, Defendant denies that a bona fide dispute of immediacy and reality now exists between the parties.  Defendant further denies that DFT owns and controls Nowlan's novella *Armageddon 2419 A.D.* or the character "Anthony Rogers" therein.  Defendant further admits and alleges that DFT holds exclusive rights in the character "Buck Rogers" and

that said character may not lawfully be developed as or used in a motion picture without

authorization by DFT.  Defendant further denies that "Buck Rogers" is "also known as" or

otherwise synonymous with "Anthony Rogers."  Except as specifically set forth above,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in Paragraph 27, and therefore denies them.

28.    Answering Paragraph 28, Defendant denies that DFT owns and controls Nowlan's

novella *Armageddon 2419 A.D.* or the character "Anthony Rogers" therein.  Defendant further

admits and alleges that DFT holds exclusive rights, including the trademark rights and certain

copyrights, in the character "Buck Rogers" and that said character may not lawfully be

developed as or used in a motion picture without authorization by DFT.  Defendant further

denies that "Buck Rogers" is "also known as" or otherwise synonymous with "Anthony Rogers."

Except as specifically set forth above, Defendant denies the remaining allegations set forth in

Paragraph 28.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT (17 U.S.C. §§101 *et seq.*))

### (Against all Defendants)

29.    Defendant incorporates Paragraphs 1-28 above, as though fully set forth herein.

30.    Answering Paragraph 30, Defendant denies that an actual controversy of a

justiciable nature now exists between the parties.  Defendant further denies that DFT owns and

controls Nowlan's novella *Armageddon 2419 A.D.* or the character "Anthony Rogers" therein.

Defendant further admits and alleges that DFT holds exclusive rights, including the trademark

rights and certain copyrights, in the character "Buck Rogers" – which may not lawfully be

developed as or used in a motion picture without authorization by DFT.  Defendant further

denies that "Buck Rogers" is "also known as" or otherwise synonymous with "Anthony Rogers." Except as specifically set forth above, Defendant denies the remaining allegations set forth in Paragraph 30.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, including subparagraphs a. through f., and therefore denies them.

32.    Answering Paragraph 32, Defendant denies that she is attempting to interfere with Plaintiff's development of a motion picture project based on *Armageddon 2419 A.D.* using the character "Anthony Rogers" therein.  Defendant further admits and alleges that DFT holds exclusive rights, including the trademark rights and certain copyrights, in the character "Buck Rogers" – which may not lawfully be developed as or used in a motion picture without authorization by DFT, and that this position has been communicated to Plaintiff.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32, and therefore denies them.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and therefore denies them.

34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and therefore denies them.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore denies them.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies them.

37.     Answering Paragraph 37, Defendant denies that a bona fide dispute of immediacy and reality now exists between the parties.  Defendant further denies that DFT owns and controls Nowlan's novella *Armageddon 2419 A.D.* or the character "Anthony Rogers" therein.  Defendant further admits and alleges that DFT holds exclusive rights in the character "Buck Rogers" and that said character may not lawfully be developed as or used in a motion picture without authorization by DFT.  Defendant further denies that "Buck Rogers" is "also known as" or otherwise synonymous with "Anthony Rogers."  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37, and therefore denies them.

38.     Answering Paragraph 38, Defendant denies that she is attempting to interfere with Plaintiff's development of a motion picture project based on *Armageddon 2419 A.D.* using the character "Anthony Rogers" therein.  Defendant further admits and alleges that DFT holds exclusive rights, including the trademark rights and certain copyrights, in the character "Buck Rogers" – which may not lawfully be developed as or used in a motion picture without authorization by DFT.  Except as specifically set forth above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38, and therefore denies them.

39.     Answering Paragraph 39, Defendant denies that the character "Buck Rogers" appears in Nowlan's *Armageddon 2419 A.D.*, but admits that the character "Anthony Rogers" appears in that work.  Defendant further admits and alleges that DFT holds exclusive rights, including the trademark rights and certain copyrights, in the character "Buck Rogers" – which may not lawfully be developed as or used in a motion picture without authorization by DFT. Except as specifically set forth above, Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations set forth in Paragraph 39, and therefore denies them.

40.    Defendant denies the allegations of Paragraph 40.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding or otherwise acknowledging that she bears the burden of proof or persuasion as to any of the following issues, Defendant pleads the following affirmative and other defenses.  Defendant reserves her rights to assert additional affirmative defenses as may be learned in the course of discovery proceedings or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Justiciable Case or Controversy)

1.    Plaintiff's claims are barred, in whole or in part, because no justiciable case or controversy exists between the parties in that, among other things, Plaintiff is not immediately prepared to produce its proposed motion picture but instead is seeking an advisory opinion, which is improper under 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 12(b)(1).

## SECOND AFFIRMATIVE DEFENSE

### (Lanham Act Rights)

2.    Plaintiff's claims are barred, in whole or in part, because irrespective of the copyright status of *Armageddon 2419 A.D.* and the character "Anthony Rogers" therein, Defendant, DFT, and their predecessors have made extensive use in commerce of the "Buck Rogers" character and associated mark, and hold common law and registered trademark rights therein – as well as copyright rights in certain depictions of the character.

///

///

10

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's knowing representations, actions and inactions amounting to a waiver of its claims and any grounds for relief thereunder regarding the matters alleged in the TAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's representations, actions and inactions, and Defendant's justifiable reliance thereon amounting to and constituting estoppel as to the matters alleged in the TAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's unjustified delay and the prejudicial reliance thereon by Defendant as to the matters alleged in the TAC.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's own wrongful acts and unclean hands, including, without limitation, its inequitable conduct with regard to the matters alleged in the TAC.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant prays that this Court enter a judgment as follows:

1.    That Plaintiff take nothing by reason of its TAC.

11

2.     That judgment be entered in favor of Defendant.

3.     That Defendant recover her costs and expenses, including attorney fees; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  April 20, 2017                **FOX ROTHSCHILD LLP**

By:     /s/ David Aronoff_____
David Aronoff (admitted *pro hac vice*)
Ca. State Bar No. 125694
Jana Volante Walshak
Pa. ID No. 308889
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone:  (412) 391-1334
Facsimile:  (412) 391-6984
daronoff@foxrothschild.com
jvolantewalshak@foxrothschild.com

Attorneys for Defendant
LOUISE A. GEER, as Trustee
of the DILLE FAMILY TRUST

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on all issues triable by jury.

DATED:  April 20, 2017                **FOX ROTHSCHILD LLP**

By:     /s/ David Aronoff_____
David Aronoff (admitted *pro hac vice*)
Jana Volante Walshak
Attorneys for Defendant
LOUISE A. GEER, as Trustee
of the DILLE FAMILY TRUST

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, pursuant to Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing Defendant's Answer To Plaintiff's Third Amended Complaint has been served by electronic means through the Court's transmission facilities on the following counsel of record:

Charles Michael Coate, Esquire
Abrams Coate LLP
12400 Wilshire Boulevard, Suite 1060
Los Angeles, CA 90025
ccoate@abramscoate.com

Date:  April 20, 2017                    /s/ David Aronoff
                                          David Aronoff