**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEAM ANGRY FILMWORKS, INC., a California corporation, <br><br><br> Plaintiff, <br> vs. <br> LOUISE A. GEER, as Trustee of the DILLE FAMILY TRUST,  and Does 1 – 10, inclusive, <br><br> Defendants. | **Civil Action No. 2:15-cv-01381-JFC** <br><br> **The Honorable Joy Flowers Conti** <br><br><br><br><br><br><br> **ELECTRONICALLY FILED** |

**MOTION TO EXTEND DISCOVERY SCHEDULE**

1. The Plaintiff filed a Complaint, in the Central District of California on August 4, 2015 (Doc. 1).

2. Subsequent to the filing of the Plaintiff's Complaint Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. Rules 12(b)(2) and 12(b)(6) (Doc. 15) was filed raising the issue of inappropriate venue.  The matter was briefed and the Honorable Judge Manuel L. Real ordered that the instant matter be transferred to the United States District Court for the Western District of Pennsylvania, the jurisdiction where the Plaintiff is situate.

3. On or about the 6th day of November, 2015, a Motion to Dismiss for Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim, Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) was filed by counsel for the Defendant, (Doc. #43).

4. On or about the 7th day of January, 2016, argument was had before the Honorable Judge Conti and a decision was issued dismissing the Plaintiff's Complaint and granting leave to file an Amended Complaint within 60 days.

5. The Plaintiff filed its First Amended Complaint (Doc. #54) on the last day available to it, not filing it early, but filing it on January 29, 2016.

6. Subsequent to the filing of the Amended Complaint, a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), Motion for Dismissal for Lack of Indispensable Parties Under Rules 12(b)(7), (Doc. 55) was filed by the Defendant which again was granted by the Court, the Court granted Plaintiff leave to file an Amended Complaint within 60 days subsequent to the Order. The Defendant waited until the last possible day, again, to file an Amended Complaint and filed its Second Amended Complaint (Doc. 64) on May 20, 2016.

7. Subsequent to briefing the court again dismissed the Plaintiff's Second Amended Complaint and gave the Plaintiff leave to file an Amended Complaint.

8. Again, the Defendant waited the full 60 days allowed by the Court and filed its Third Amended Complaint (Doc. #73).

9. On December 12, 2016, the Plaintiff filed a Third Amended Complaint. A Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), and for Joinder of Necessary or Dismissal for Lack of Indispensable Parties Under Rules 12(b)(7) and 19 (Doc. 75) was timely filed by the Defendant and the Court issued an Order (Doc. #84) allowing the Plaintiff to proceed with specific provisions including that (noted in footnote 1 of

this Honorable Court's decision) – "In response to the issues raised during the hearing on March 10 2017, plaintiff withdrew the trademark claim contained within its third amended complaint without prejudice. (ECF No. 83). The claims made in plaintiff's third amended complaint now exclusively involve issues of copyright law with respect to "*Armageddon 2419 A.D.*".

10. When Defense Counsel requested a two week extension from the Plaintiff to file its Answer and Defenses, the Plaintiff demurred and Defense counsel was required to file a Motion (Doc. 86) with this Honorable Court requesting the courtesy of a two week extension, the said Motion is attached hereto as Exhibit "A" and incorporated by reference herein, which is self-explanatory.

11. Subsequently, pursuant to the Local Rules, a Rule 16.1 Conference was scheduled by and between the parties.

12. Subsequently, the parties filed a Rule 26 Statement (Doc. 90) with the Court and a schedule was set by this Honorable Court reduced to an Order (Doc. 92), attached hereto as Exhibit "B" and incorporated by reference herein.

13. On the 26th day of July, 2017, substitute counsel, Matthew Fladell, entered his appearance.

14. Pursuant to the Order of Court aforesaid, a mediation was scheduled by and between the parties and subsequently the Court granted a Motion to Approve a Stipulation for an Extension of Time for Mediation (Doc. 105) granting an extension.

15. The said mediation took place on September 7, 2017, through September 15, 2017.

16. As this mediation took place over several days defense counsel attempted to communicate in writing with Plaintiff's counsel on numerous occasions and never received a response to any written correspondence with Plaintiff's counsel. Plaintiff's counsel merely ignored all said correspondence.

17. Immediately prior to mediation Plaintiff's counsel filed a Motion for a Conference despite the fact that discovery had not commenced based on the scheduled mediation in this matter.

18. Defendant filed a response to the said request, and this Honorable Court denied the aforementioned request as Defendant is attempting in good faith to conduct discovery and anticipates filing a Motion for Summary Judgment at an appropriate juncture.

19. On October 18, 2017 numerous Requests for Production of Documents were served on Plaintiff's counsel.

20. Enclosed find Plaintiff's counsel's response with regards to the issue of proper service, attached hereto as Exhibit "C" and incorporated by reference herein.

21. Along with the said First Request for Production of Documents and the First Set of Interrogatories, defense counsel also transmitted a letter, attached hereto as Exhibit "D" and incorporated by reference herein, attempting to set up a 30(b)(6) deposition, a deposition of the Chief Operating Officer of the Plaintiff, as well as other individuals mentioned in the Plaintiff's complaint.

22. The letter from Plaintiff's counsel, attached hereto as Exhibit "C," clearly indicates that defense counsel will not cooperate in the scheduling of depositions.

23. The instant matter has been before this Honorable Court since October 26, 2015. Discovery has <u>only</u> been ongoing subsequent to the unsuccessful conclusion of mediation, on September 15, 2107.  There are numerous issues raised by the Plaintiff's Complaint which the Defendant believes the Defendant is reasonably entitled to engage in discovery relative to.

24. Discover started after the conclusion of the mediation.

25. Interrogatories, Requests for Production (2 sets) and Admissions have been served upon the Plaintiff.

26. Plaintiff has in essence taken a position deposition scheduling was not an issue until after the unsuccessful mediation.  As of the writing of this Motion the parties have 50 days to complete discovery and yet Plaintiff's counsel takes the position that, "This case is one of a number of cases handled by the undersigned for various clients.  Under the circumstances, the requirements of this case will be balanced against the needs of our clients in other matters which also will require due consideration, and in view of the upcoming holidays."

27. It is clear from the letter of Plaintiff's counsel, which is consistent with Plaintiff's counsel prior refusal to grant even a two week extension to file an answer in this matter that defense counsel in all likelihood will not cooperate in discovery.

28. Accordingly, defense counsel believes that good cause exists for Honorable Court to grant a 90 day extension in discovery so that the Defendant may move forward with the 30(b)(6) deposition once discovery is received together with the deposition of the individuals indicated in the letter attached as Exhibit "D" once documents have been produced and Interrogatories have been answers.  It should

also be noted that Don Murphy, President of the Plaintiff Team Angry Filmworks, Inc., has sent e-mails to the personal e-mail address of the Trustee's husband making pejorative and derogatory statements with regards to trial counsel in the instant matter, as well as the Trustee, which clearly has no legitimate purpose.

29. The Court's scheduling order indicates that no written discovery shall be propounded subsequent to November 1, 2017, hence the filing of this Motion at this juncture.

WHEREFORE, the Defendant respectfully requests this Honorable Court extend the discovery schedule 90 days and permit the Defendant to interpose additional written discovery up until January 15, 2018, with discovery to end on March 15, 2018.

Respectfully Submitted:

/s/ Matthew Fladell, Esquire
Matthew Fladell, Esquire
2001 Wilshire Boulevard, Suite 400
Santa Monica, CA 90403
(310) 600-0114
Bar I.D. No. CA 169089